## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MCKESSON CORPORATION,
a Delaware corporation,

        Plaintiff,

vs.                                    CASE NO. _____

BENZER PHARMACY HOLDING LLC,
a Florida limited liability company;
BENZER NY 1 LLC, a New York limited
liability company; ALPESH PATEL,
individually, and HEMA PATEL,
individually,

        Defendants.
_____/

## COMPLAINT

Plaintiff, McKesson Corporation, a Delaware corporation ("McKesson" or "Plaintiff"), by its undersigned attorneys, brings this complaint against Defendants, BENZER PHARMACY HOLDING LLC, a Florida limited liability company; BENZER NY1 LLC, a New York limited liability company ("Benzer NY1"); ALPESH PATEL, individually; and HEMA PATEL, individually, and says:

### JURISDICTION AND VENUE

1. This is an action in diversity for damages that exceed $75,000, exclusive of interests, costs and attorneys' fees and costs.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, attorneys' fees and costs and the dispute is between citizens of different states.

123417941.1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) in the U.S. District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events or omissions giving rise to the claims in this action occurred in the Middle District and that there is no district in which an action may otherwise be brought and multiple defendants are subject to personal jurisdiction before this Court.

**PARTIES**

4. McKesson Corporation is a Delaware corporation with its principal place of business in the State of Texas.

5. Defendant BENZER PHARMACY HOLDING LLC is a Florida limited liability company. On information and belief, the members of BENZER PHARMACY HOLDING LLC are a combination of the following individuals: i) Alpesh Patel; ii) Manish Patel; iii) Hema Patel; iv) Padmaja Patel; v) Hardikkumar C. Patel; vi) Chetna D. Patel; or vii) Siddharth V. Patel and each of the foregoing individual members are citizens of the State of Florida or State of Michigan for diversity purposes.

6. Defendant BENZER NY1 LLC is a New York limited liability company. On information and belief, the members of Benzer NY1 LLC are a combination of the following individuals: i) Alpesh Patel; ii) Manish Patel; iii) Hema Patel; iv) Padmaja Patel; v) Hardikkumar C. Patel; vi) Chetna D. Patel; vii) Siddharth V. Patel; or viii) Benzer Pharmacy Holding LLC and each of the foregoing individual members, and with respect the Benzer Pharmacy Holding, LLC, its members are, citizens of the State of Florida or State of Michigan for diversity purposes.

7. Defendant ALPESH PATEL is a natural person domiciled in Florida and is, and was at all times material hereto, *sui juris*.

8. Defendant HEMA PATEL is a natural person domiciled in Michigan and is, and was at all times material hereto, *sui juris*.

## BACKGROUND FACTS

9. Benzer Pharmacy Holding LLC, is located Tampa, Florida, and, together with its subsidiaries and affiliates, which include Benzer NY1, operates an independent pharmacy chain.

10. Through this network, Benzer Pharmacy Holding LLC and its affiliates and subsidiaries sell prescription and over-the-counter drugs and medical products in both physical pharmacies and through online refill services.

11. Benzer Pharmacy Holding LLC arranges for the acquisition of prescription drugs and plasma products from various distributors for the pharmacy network.

12. Benzer Pharmacy Holding LLC and its affiliates, including Benzer NY1, entered into business arrangements with McKesson to obtain prescription drugs and plasma products for its pharmacy network and affiliates.

13. In addition, as part of facilitating the supply of prescription drugs and plasma products for the pharmacy network participants, which include Benzer NY1, Benzer Pharmacy Holding LLC provided assurances of payment to the prescription drug distributors, guarantying the payment of its affiliates and subsidiaries obligations for prescription drugs and plasma products for its pharmacy network participants.

14. On or about February 14, 2018, Benzer NY1 executed and delivered a Customer Application to McKesson whereby Benzer NY1 requested that McKesson establish accounts for Benzer NY1 and whereby Benzer NY1 agreed to pay for all purchases on account plus past due charges, all other charges and attorneys' fees and costs associated with the collection of any

amounts owed by Benzer NY1 to McKesson (the "Benzer NY1 Customer Application").  A copy of the Benzer NY1 Customer Application is annexed hereto as **Exhibit A**.

15. Pursuant to the Benzer NY1 Customer Application, Benzer NY1 established an account with McKesson to purchase products.

16. In conjunction with the business arrangement between Benzer NY1 and McKesson, on or about July 3, 2019, Benzer Pharmacy Holding LLC executed and delivered to McKesson a Guaranty through which Benzer Pharmacy Holding LLC guaranteed the unconditional repayment of the obligations to McKesson for affiliated entities, including Benzer NY1 (the "Benzer Blanket Guaranty").  A true and correct copy of the Benzer Blanket Guaranty is attached hereto as **Exhibit B.**

17. From the opening of Benzer NY1's accounts with McKesson until approximately November 15, 2019, Benzer NY1 purchased certain goods from McKesson on account.

18. Upon the shipment of goods purchased by Benzer NY1, McKesson rendered to Benzer NY1 invoices setting forth the details of the purchase together with the total sum owed to McKesson for the purchase, which amounts continue to accrue charges by virtue of their past due status.  The invoices are voluminous and contain confidential information.  McKesson believes the invoices and other evidence of the purchase of products by Benzer NY1 are either in the possession of all parties to this lawsuit or available to those parties.  If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

19. McKesson further rendered to Benzer NY1 an account statement for the account totaling the sum of $205,710.78 plus interest and charges that continue to accrue.  A copy of the Benzer NY1 account statement is annexed hereto as **Exhibit C**.

20. Benzer NY1 defaulted under the terms of the Benzer NY1 Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Benzer NY1's contractual obligation to McKesson.

21. On or about December 3, 2019, McKesson made demand upon Benzer NY1 through Benzer NY1's agent, Benzer Pharmacy Holding LLC, for payment of the amounts due from Benzer NY1 to McKesson arising from both accounts. A copy of the demand letter is annexed hereto as **Exhibit D**.

22. Although demand has been made upon Benzer NY1 for payment of amounts due to McKesson, Benzer NY1 has failed and refused to pay the same.

23. As a result of Benzer NY1's default upon the terms of its account agreement with McKesson, Benzer NY1 owes McKesson $205,710.78, together with interest, attorneys' fees and other costs and expenses incurred in this action.

## Count I
### (Breach of Agreement-Benzer NY1)

24. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

25. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

26. Because of Benzer NY1's default on its obligations arising from the Benzer NY1 Customer Application, it has become necessary for McKesson to collect the balance due arising from the Benzer NY1 Customer Application through its attorneys.

27. McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

28. Pursuant to the terms of the Benzer NY1 Customer Application, McKesson is entitled to be reimbursed by Benzer NY1 for such attorneys' fees for their services plus all costs incurred in this action.

29. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Benzer NY1 in the sum of $205,710.78 plus interest, late charges, and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

### Count II
### (Open Account- Benzer NY1)

30. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

31. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

32. Before the institution of this action, McKesson and Benzer NY1 had business transactions between them through approximately November 15, 2019.

33. Benzer NY1 owes McKesson the sum of $205,710.78 for goods sold and delivered by McKesson to Benzer NY1 pursuant to the invoices, which total sum remains unpaid, plus interest. The invoices are voluminous and contain confidential information. McKesson believes the invoices and other evidence of the purchase of products by Benzer NY1 are either in the possession of all parties to this lawsuit or available to those parties. If required to be filed in this action, McKesson will seek to file the invoices in its possession under seal.

34. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

123417941.1

WHEREFORE, McKesson Corporation demands judgment against Benzer NY1 LLC in the sum of $205,710.78, plus interest and costs.

## Count III
### (Account Stated – Benzer NY1)

35. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

36. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

37. Before the institution of this action, McKesson and Benzer NY1 had business transactions between them upon atrccount through approximately November 15, 2019.

38. McKesson rendered an account statement to Benzer NY1 and Benzer NY1 did not object to the account statements. Benzer NY1 did thereupon acquiesce in and agree thereto as an account stated.

39. Benzer NY1 owes McKesson $205,710.78 upon account, together with interest and other costs and expenses incurred in this action.

40. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Benzer NY1 LLC in the sum of $205,710.78, plus interest and costs.

## Count IV
### (Goods Sold- Benzer NY1)

41. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

123417941.1

42. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

43. Before the institution of this action, McKesson and Benzer NY1 had business transactions between them arising through approximately November 15, 2019.

44. Benzer NY1 owes McKesson the sum of $205,710.78, plus interest that continues to accrue on its various purchases of goods from McKesson, which McKesson sold and delivered to Benzer NY1 in accordance with the invoices and account statements.

45. All conditions precedent to the relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Benzer NY1 LLC in the sum of $205,710.78, plus interest and costs.

## Count V
### (Breach of Benzer Blanket Guaranty – Benzer Pharmacy Holding LLC)

46. This is an action for breach of a guaranty, the damages for which exceed $75,000.00, exclusive of interest, costs and attorneys' fees.

47. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

48. Pursuant to the terms of the Benzer Blanket Guaranty, Benzer Pharmacy Holding LLC unconditionally guaranteed timely payment and performance of obligations of the affiliates listed on the Benzer Blanket Guaranty, including Benzer NY1, to McKesson.

49. Benzer Pharmacy Holding LLC has not revoked the Benzer Blanket Guaranty.

50. By virtue of its execution of the Benzer Blanket Guaranty, Benzer Pharmacy Holding LLC became liable for the obligations of Benzer NY1 to McKesson.

51. Benzer NY1 defaulted under the terms of the Benzer NY1 Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Benzer NY1's contractual obligation to McKesson.

52. Because of the default of Benzer NY1, on December 3, 2019, McKesson demanded payment from Benzer Pharmacy Holding LLC of such amounts arising from its guaranty of the obligation of Benzer NY1. A true and correct copy of the demand letter is annexed hereto as **Exhibit D**.

53. Although demand has been made, Benzer Pharmacy Holding LLC has failed and refused to pay the amounts due to McKesson pursuant to the Benzer Blanket Guaranty, as a guarantor of the Benzer NY1's obligation.

54. As of August 21, 2020, Benzer NY1 owes McKesson $205,710.78, in principal, together with interest, late charges, attorneys' fees and other costs and expenses that continue to accrue.

55. Because of Benzer Pharmacy Holding LLC's default on its obligations arising from the Benzer Blanket Guaranty, it has become necessary for McKesson to collect the balance due arising from Benzer Blanket Guaranty through its attorneys, and McKesson has agreed to pay its attorneys a reasonable fee for their services herein.

56. Pursuant to the terms of the Benzer Blanket Guaranty and the Benzer NY1 Customer Application, McKesson is entitled to be reimbursed by Defendant Benzer Pharmacy Holding LLC for such attorneys' fees for their services plus all costs incurred in this action.

57. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Defendant Benzer Pharmacy Holding LLC in the sum of $205,710.78, in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count VI
### (Breach of Guaranty – Alpesh Patel)

58. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

59. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

60. In conjunction with the execution of the Benzer NY1 Customer Application, Alpesh Patel executed that portion of the Benzer NY1 Customer Application that constituted an unconditional, continuing guaranty of Benzer NY1's obligation to McKesson (the "Alpesh Patel Guaranty"). A copy of the Alpesh Patel Guaranty is incorporated in the Benzer NY1 Customer Application that is annexed hereto as **Exhibit A**.

61. Pursuant to the terms of the Alpesh Patel Guaranty, Alpesh Patel unconditionally guaranteed timely payment and performance of Benzer NY1's obligations to McKesson.

62. Alpesh Patel has not revoked the Alpesh Patel Guaranty.

63. By virtue of his execution of the Alpesh Patel Guaranty, Alpesh Patel is liable became liable for the obligations of Benzer NY1 to McKesson.

64. Benzer NY1 defaulted under the terms of the Benzer NY1 Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Benzer NY1's contractual obligation to McKesson.

65. Because of the default of Benzer NY1, on December 3, 2019, McKesson demanded payment from Alpesh Patel of such amounts arising from his guaranty of the obligation of Benzer NY1. A true and correct copy of the demand letter is annexed hereto as **Exhibit D**.

66. Although demand has been made, Alpesh Patel has failed and refused to pay the amounts due to McKesson pursuant to the Benzer NY1 Customer Application, as a guarantor of Benzer NY1's obligation.

67. Because of Benzer NY1 and Alpesh Patel's default on their obligations arising from the Benzer NY1 Customer Application and Alpesh Patel Guaranty, it has become necessary for McKesson to collect the balance due arising from the Benzer NY1 Customer Application and Alpesh Patel Guaranty through its attorneys.

68. McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

69. Pursuant to the terms of the Benzer NY1 Customer Application and incorporated and Alpesh Patel Guaranty, McKesson is entitled to be reimbursed by Alpesh Patel for such attorneys' fees for their services plus all costs incurred in this action.

70. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Alpesh Patel in the sum of $205,710.78 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

## Count VIII
### (Breach of Guaranty –Hema Patel)

71. This is an action for damages in excess of $75,000.00, not including interest and attorneys' fees and costs.

72. The allegations set forth in paragraphs 1 through 23 are realleged as if fully set forth in this Count.

73. In conjunction with the execution of the Benzer NY1 Customer Application, Hema Patel executed that portion of the Benzer NY1 Customer Application that constituted an unconditional, continuing guaranty of Benzer NY1's obligation to McKesson (the "Hema Patel Guaranty"). A copy of the Hema Patel Guaranty is incorporated in the Benzer NY1 Customer Application that is annexed hereto as **Exhibit A**.

74. Pursuant to the terms of the Hema Patel Guaranty, Hema Patel unconditionally guaranteed timely payment and performance of Benzer NY1's obligations to McKesson.

75. Hema Patel has not revoked the Hema Patel Guaranty.

76. By virtue of his execution of the Hema Patel Guaranty, Hema Patel became liable for the obligations of Benzer NY1 to McKesson.

77. Benzer NY1 defaulted under the terms of the Benzer NY1 Customer Application by failing to pay for the goods purchased when payments were due, which default constitutes a breach of Benzer NY1's contractual obligation to McKesson.

78. Because of the default of Benzer NY1, on February 11, 2020, McKesson demanded payment from Hema Patel of such amounts arising from her guaranty of the obligation of Benzer NY1. A true and correct copy of the demand letter is annexed hereto as **Exhibit E**.

79. Although demand has been made, Hema Patel has failed and refused to pay the amounts due to McKesson pursuant to the Benzer NY1 Customer Application, as a guarantor of Benzer NY1's obligation.

80. Because of Benzer NY1 and Hema Patel's default on their obligations arising from the Benzer NY1 Customer Application and Hema Patel Guaranty, it has become necessary for McKesson to collect the balance due arising from the Benzer NY1 Customer Application and Hema Patel Guaranty through its attorneys.

81. McKesson has retained the services of attorneys, and is obligated to pay its attorneys a reasonable fee for their services rendered in connection with this action plus all costs incurred in this action.

82. Pursuant to the terms of the Benzer NY1 Customer Application and incorporated and Hema Patel Guaranty, McKesson is entitled to be reimbursed by Hema Patel for such fees for their services plus all costs incurred in this action.

83. All conditions precedent to relief demanded herein have been performed, waived or have occurred.

WHEREFORE, McKesson Corporation demands judgment against Hema Patel in the sum of $205,710.78 in principal, plus interest, late charges and the costs of collection, including court fees, service of process fees and reasonable attorneys' fees and costs.

>            */s/ Kathleen S. McLeroy*  
> Kathleen S. McLeroy  
> Florida Bar No. 856819  
> Primary email: kmcleroy@carltonfields.com  
> CARLTON FIELDS, P.A.  
> Post Office Box 3239  
> Tampa, Florida 33601-3239  
> Telephone:   813.223.7000  
> Facsimile:   813.229.4133  
> *Attorneys for Plaintiff*